## STATE ex GRILLS v COUNTY COMMISSIONERS OF LORAIN COUNTY

Ohio Appeals, 9th Dist, Lorain Co

No 576.   Decided Nov 2, 1931

ALLREAD, PJ, KUNKLE and HORNBECK, JJ, (2nd Dist), sitting.

Wesley L. Grills and Mr. Milton Friedman, Lorain, for plaintiff.

**420**

Baird & Vandermark, Elyria, for defendant.

ALLREAD, PJ.

This case involves the validity of the contract between the commissioners and Wendell P. Brown as to the unpaid portion, to-wit, the sum of $26,400. It is fortunate for Wendell P. Brown that the entire contract is not involved. The question is as to the validity of the contract so far as it relates to the unpaid portion. A contract with a public body like the Board of Commissioners involves two questions: first, as to the formal validity of the contract; and second, as to its subject matter. The questions have been presented by exhaustive briefs of counsel, all of which have been considered. The first question relates to the validity of the contract for the improvement. The County Commissioners may have at the time they made the contract with Brown believed that the contract for the improvement was valid. The Court of Appeals afterwards declared the principal contract invalid and this would be effective to determine the law at the time the contract with Brown was made. The contract with Brown, although nominally as a deputy to the county engineer, was that of a special engineer to perform services with reference to the improvement involved in the special election. The contract is based upon that election and must stand or fall with reference to it. The able trial judge, we think placed too much weight upon the fact that this contract was made by the Board of Commissioners with Brown as a deputy surveyor. If the contract involved only services with reference to this improvement Brown was bound to know whether the improvement was in fact valid, that is, whether the vote carried the necessary majority to validate the improvement. When the Court of Appeals held that the improvement was invalid, this was sufficient to destroy the contract of Brown which was based upon the assumption that the improvement was valid, and that the vote was sufficient to authorize its construction. Even if the contract was nominally valid at the time made, its subject matter was rendered invalid by the decision of the Court of Appeals and as a contract must not only be valid in form but its subject matter must also be legal and authorized, we are of opinion that the contract with Wendell P. Brown was not valid and was not authorized and that this action to enjoin the payment of the unpaid portion thereof is well-taken and should be sustained.

Another interesting question is presented, to-wit: the validity of the contract in view of §§5660 and 5661, GC, which provide for a certificate of funds. It is claimed that this statute does not apply by reason of §2413, GC. This section provides that a certificate that the money is in the treasury shall not apply to the appointment and employment of such persons as are employed by the

Board of County Commissioners. Whether this section would apply in case the contract in this case were valid we need not determine. We have reached the conclusion that the contract of employment was invalid.

The claim is made on behalf of Wendell P. Brown that under the statute it is provided that in case of a public improvement, "the estimated cost shall be used as a basis for bills until the actual cost has been established by bids or contracts for construction." It is claimed that this section of the statute would apply in preliminary matters. It may be true, as claimed by counsel for Mr. Brown, that this would apply in case the improvement had been authorized by the vote. In the present case we find, however, that the improvement was not authorized by the affirmative vote of a sufficient number of voters. Under these circumstances we reach the conclusion that the contract of Wendell P. Brown especially as to the unpaid portion thereof is invalid and that the payment thereof should be enjoined. Injunction allowed.

HORNBECK and KUNKLE, JJ, concur.